FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JUL 16 AM 9:45

CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

EARL C. PINCKNEY,

Movant,

v.    407CV052
      499CR062

UNITED STATES OF AMERICA

Respondent.

# ORDER

Defendant Earl C. Pinckney pled guilty to one Count of violating 21 U.S.C. § 841(a)(1) ("Distribution of Cocaine Hydrochloride"). 499CR062, doc. # 4. In 6/99, the Court sentenced him, *inter alia*, to 240 months in prison. Doc. # 5. He unsuccessfully moved for 28 U.S.C. § 2255 relief in 2000. 400CV314, doc. # 18, 27.

In a reconsideration motion, defendant argued that the Court violated *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("any fact [other than a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"), when it sentenced him to 240 months. The Court then explained, however, that "there is no error, plain or otherwise, under *Apprendi* where the term of imprisonment is within the statutory maximum set forth in § 841(b)(1)(C) for a cocaine offense without regard to drug quantity." Doc. # 29 at 1 (quoting *U.S. v. Gerrow*, 232 F.3d 831, 834 (11th Cir.2000)). Pinckney's sentence fell within that range.

In 2004, Pinckney filed another § 2255 motion and this Court dismissed it as successive. Doc. ## 39, 40, 48. In 2006, he once again moved for § 2255 relief, doc. # 54, arguing that he can proceed under § 2255's "savings clause." Doc. # 54 at 5-6. That clause authorizes successive movants like Pinckney to proceed under 28 U.S.C. § 2241 if they can show that § 2255's remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5.

Put another way, defendants (like Pinckney) who challenge their sentence are relegated to invoking § 2255 and thus get only one bite at that apple (hence, additional motions are denied as successive) *unless* they can invoke § 2255's savings clause, which permits invocation of 28 U.S.C. § 2241, the general habeas statute. *Campbell v. Yates*, 2006 WL 2012334 at * 1 (11th Cir. 7/19/06) (unpublished). But the Eleventh Circuit had

> established that § 2255's savings clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the prisoner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion."

*Id*. "The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the movant." *Id*. As this Court had previously explained, Pinckney failed to make that showing, 499CR062, doc. # 55, so the Court again denied him relief. 400CV314, doc. # 86.

Rather than appeal that ruling, Pinckney

simply exploited a *costly flaw* in this Court's docketing system by filing a brand new motion, this time under 28 U.S.C. § 2241, thus causing the Clerk's Office to open a new file rather than file the motion in the pre-existing, 499CR062 and 400CV314 files. Thus, the Court once *again* is dealing with essentially the same argument, different day, under this new file, 407CV052. The Magistrate Judge (MJ) has applied the proper analysis (no savings clause showing, this motion is simply a successive § 2255 in disguise), and Pinckney has appealed once again, doc. # 7, which forces this Court to construe it an implied motion for a Certificate of Appealability (COA). *See Edwards v. U.S.*, 114 F.3d 1083, 1084 (11th Cir. 1997) (appeal notice is treated as implied COA application).

The implied COA motion (doc. # 7) is **DENIED** for the same reasons reached in denying Pinckey relief in 400CV314, as he has raised nothing new here other than to misuse § 2241 rather than § 2255. To the extent that doc. # 7 may be deemed an implied motion for leave to appeal *in forma pauperis*, it, too, is **DENIED**. The Clerk is directed to file *all* future Pinckney filings that seek any sort of habeas-related relief in the 499CR062 and 400CV314 files, and Pinckney is forewarned that any abusively serial filing before this Court will be met with harsh sanctions. *See, e.g., Barber v. U.S. Attorney General*, 458 F.Supp.2d 1378 (S.D.Ga.2006).

This /6 day of July, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA