UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES

v.  499CR062

EARL C. PINCKNEY

## ORDER

In *Pinckney v. U.S.*, 2007 WL 1706358 (S.D.Ga. 6/12/07) (unpublished), this Court recounted defendant Earl C. Pinckney's steady stream of postconviction motions before this Court as of that point in time:

> [He] pleaded guilty to an information charging him with one count of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). CR499-062, docs. 1, 5. On June 16, 1999, this Court sentenced petitioner to 240 months' imprisonment. *Id.* at doc. 5. The Eleventh Circuit affirmed his conviction and sentence on August 10, 2000. *Id.* at doc. 19. On December 11, 2000, petitioner filed a motion pursuant to 28 U.S.C. § 2255, which the Court denied on the merits. CV400-314 at docs. 1, 8, 10. On September 20, 2004, petitioner filed a motion for correction of sentence, which the Court construed as a § 2255 motion and dismissed as successive. *Id.* at docs. 27, 28, 33. On February 17, 2006, petitioner filed a motion to vacate and correct his sentence pursuant to the "savings clause" of § 2255, which the Court denied on the merits. *Id.* at docs. 43, 44.

*Id.*, 2007 WL 1706358 at *1 (footnote omitted). On top of all that,

> [on 5/3/07 he] filed [a] petition pursuant to 28 U.S.C. § 2241. Petitioner assert[ed] that he is actually innocent because the Court erred in (1) improperly enhancing his sentence using a prior state conviction that was obtained without assistance of counsel; (2) failing to inform him of the actual drug type and quantity prior to his sentencing; and (3) failing to reduce his offense level from 34 to 31.

*Id.* (cites omitted).

The Court dismissed that motion as successive. *Id.* at *3. Against that bacgkround, the Court now reaches and denies Pinckney's "Motion to Void Judgment Pursuant to Rule 60(b)," doc. # 68, pursuant to *Douglas v. U.S*, 224 Fed. Appx. 939, 940 (11th Cir. 2007) (district court did not abuse its discretion in denying defendant's F.R.Civ.P. 60(b) motion to vacate his criminal judgment; "Rule 60(b) does not provide for relief from a criminal judgment").

Pinckney also recently and unsuccessfully moved for a reduction of sentencing under 18 U.S.C. § 3582(c)(2).[1] Doc. # 71 (motion); # 74

---

[1] As the Eleventh Circuit explained:

> [On 11/1/07] the [U.S.] Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in [United States Sentecing Guidelines (U.S.S.G.)] § 2D1.1(c). U.S.S.G.App. C, Amend. 706 (2007). The effect of Amendment 706 is to provide a two-level reduction in base offense levels for crack cocaine offenses. *See id.* The Commission made this amendment retroactively applicable, effective as of [3/3/08]. *See* U.S.S.G.App. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

*U.S. v. Moore*, ___ F.3d ___, 2008 WL 4093400 at *1 (11th Cir. 9/5/08). Defendants, then, may invoke the amended crack guidelines to seek sentence reductions under 18 U.S.C. § 3582(c)(2). *See U.S. v. Smith*, 2008 WL 2148075 at *1 (E.D.Wis. 5/21/08) (unpublished).

(Order) ("The defendant's motion is denied because his offense level was determined pursuant to the career offender provisions of the sentencing guidelines"). He appeals, doc. # 75, and moves for leave to appeal *in forma pauperis*, as well as for appointment of counsel. Doc. # 76. This Court recently applied *Moore*, which

> underscores the fact that two major components figure into sentencing: the prescribed sentencing range and the base offense level. It also affirms that courts are not authorized to consider a sentence reduction if "a retroactively applicable guideline amendment reduces a defendant's base offense level, but does *not* alter the sentencing range upon which his or her sentence was based." *Moore*, 2008 WL 4093400 at * 7 (emphasis added).

*U.S. v. Hamilton*, 2008 WL 4275681 at * 1 (S.D.Ga. 9/17/08) (unpublished). Here, nothing has altered the career offender sentencing range under which this Court sentenced Pinckney, so the § 3582(c)(2), remedy is not available to him. 2008 WL 4404278 at * 3 (N.D.Ohio 9/23/08) (unpublished).

With respect to his IFP motion, defendant is not subject to the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (4/26/96) (PLRA), which amends 28 U.S.C. § 1915. Nevertheless he must satisfy the pre-PLRA amendment requirements of 28 U.S.C. § 1915(a). *See U.S. v. Bazemore*, 973 F.Supp. 1475 (S.D.Ga.1997), *rev'd on other grounds, Bazemore v. U.S.*, 161 F.3d 20(11th Cir.1998). That means Pinckney, a pauper, must show that he is raising at least one appellate issue that could be supposed to have some arguable merit. *See Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir.2000); *U.S. v. Woodard*, 2008 WL 4224457 at * 1 (S.D.Ga. 9/15/08) (unpublished). In his IFP motion, Pinckney presents several issues, including this:

> Whether the District Court committed procedural error when denying Defendant's 3582(c) (2) motion based on the fact that Defendant was a career offender when Defendant was not sentenced to the career offender Guideline base offense level?

Doc. # 76 at 2.

While the Judgment against him makes no mention of the "career offender" component, doc. # 5, the Presentence Investigation Report (which is not filed in the record) does. Pinckney was provided a copy of that prior to sentencing, and this Court sentenced him as a career offender. This issue fails to meet the IFP criteria, and the same may be said for the other points that he raises (they go to cocaine base versus crack cocaine distinctions, and whether "Defendant's sentence was based on a quantity of drugs not found by a jury nor admitted by" him -- a "*Booker*" issue not reachable under § 3582(c), *see U.S. v. Rivera*, 2008 WL 2915060 at * 2 (M.D.Fla. 7/24/08) (unpublished)).

As for Pinckney's motion for appointment of counsel (doc. # 76), it is ***DENIED*** because he has not shown the "exceptional circumstances" necessary to justify that relief. *See Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996), cited in *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). The Defendant holds no constitutional right to counsel at this juncture, and his moving papers evince an ability to present the essence of his claims.

This __6__ day of October, 2008.

/s/ B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA