U.S. DISTRICT COURT
SAVANNAH DIV.

2012 JUN 12 PM 4:00

CLERK _A. Moore_
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| EARL CEPHUS PINCKNEY ) | INDICTMENT NO. CR499-00062-001 |

## ORDER

On April 26, 2012, the Court entered an Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) denying Defendant's earlier-filed motion for a sentence reduction. In that Order, the Court noted that Defendant's current amended guideline range of 210 to 240 months is the same as the guideline range determined in 2009 as a result of a former retroactive crack cocaine amendment. Defendant was granted a sentence reduction to a sentence within that range in 2009; therefore, he is eligible for no further reduction in sentence.

On June 4, 2012, Defendant filed what amounts to a Motion for Reconsideration of the Court's April 26, 2012, Order. In his motion, Defendant correctly points out that in 2008, he had been denied a § 3582(c)(2) sentence reduction by this Court based on the Court's erroneous belief that Defendant's career offender status rendered him ineligible for such a reduction. Defendant appealed, and the Eleventh Circuit Court of Appeals held that "...although [Defendant] was sentenced as a career offender, his offense level was based on § 2D1.1 because that offense level was higher than the career offender offense level." As a result, Amendment 706 to the Sentencing Guidelines did have the effect of lowering Defendant's sentencing range. The Court acknowledged this in a May 18, 2009, Order (Doc. 92), wherein Defendant's sentence was reduced from 240 months to 228 months.

Now, Defendant argues that the appellate court's determination that his "offense level was based on § 2D1.1" is "controlling," and that he is indeed eligible for a reduction to a sentencing range lower than 210 to 240 months. The Court notes that in support of his argument, Defendant has conveniently latched on to only a portion of the appellate court's reasoning in its 2009 order. That is, Defendant is ignoring the appellate court's specification that, at sentencing, Defendant's offense level was based on § 2D1.1 only *because that offense level was higher than the offense level produced by the career offender guideline.* As a result of Amendment 750 (the most recent retroactive crack cocaine amendment), that is no longer the case. Now, Defendant's offense level pursuant to § 2D1.1 is *lower* than the offense level produced by the career offender guideline; as such, the career offender guideline now controls the determination of the sentencing range, pursuant to U.S.S.G. § 4B1.1(b).

The offense level produced by the career offender guideline is 32 which, when paired with a criminal history category of VI, yields a guideline range of 210 to 240 months. As noted above, in 2009, the Court held that same range to apply to Defendant as a result of Amendment 706, and the Court reduced Defendant's sentence to one that falls within that range. Since the applicable range does not change as a result of Amendment 750, Defendant is eligible for no further reduction.

Defendant's Motion (Doc. 105) is **DENIED**.

**SO ORDERED**, this \_\_/2\_\_day of June, 2012.

B. Avant Edenfield
United States District Judge
For the Southern District of Georgia